```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  JADEEN RICHARDS and T.B.,

                    Plaintiffs,           MEMORANDUM & ORDER
                                          24-CV-2702(EK)(TAM)

          -against-

  MS. SHARNETTE, MS. ALICIA, YEKATERINA
  KONYAYEZ, and STEPS TO
  SUCCESS/BROWNSVILLE PRE-SCHOOL,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Jadeen Richards filed this civil action in April 2024. Compl., ECF No. 1. Proceeding *pro se*, she names herself and her son, T.B., as plaintiffs. *Id.* at 1. She does not specify any federal or state cause of action by name. But she alleges that her son suffered serious injuries at his preschool, Steps to Success, in Brooklyn. *Id.* at 2. She names the school as a defendant along with certain teachers and administrators. *Id.* Richards' request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. ECF No. 2. For the reasons set forth below, however, the complaint is dismissed.

### I. Background

Richards alleges that when she picked her son up from school on January 11, 2023, he was missing a tooth, his lip was

"busted," and his mouth was bleeding.  Compl. at 4.  When she asked a school administrator what happened, the administrator responded that she "didn't know" and that Ms. Richards should speak with T.B.'s teachers.  *Id.*  The teachers informed Richards that T.B. "fell," but failed to provide details or explain why nobody contacted T.B.'s parents.  *Id.*

Richards seeks financial compensation for her son's dental treatment and counseling, and for counseling for herself "because this situation has caused stress to my situation as well."  *Id.* at 6.

## II.  Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]  At the pleading stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010).  But the court need not accept as true "legal conclusions."  *Iqbal,* 556 U.S. at 678.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

A *pro se* complaint is to be liberally construed, and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).

### III. Discussion

Federal district courts are courts of limited jurisdiction. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62-62 (2d Cir. 2009). If subject-matter jurisdiction is lacking, "dismissal is mandatory," as the court is without power to decide the case. *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Congress has granted two types of subject-matter jurisdiction: (1) diversity jurisdiction, under 28 U.S.C. § 1332, over "certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met"; and (2) federal question jurisdiction, under 28 U.S.C.

§ 1331, over claims based on federal law. *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).

At the outset, Richards cannot represent her child in this suit. A "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Complaints brought by a non-attorney parent on behalf of her child "should be dismissed." *Id.* at 61.

Furthermore, Richards has failed to establish that this Court has subject-matter jurisdiction over her and T.B.'s claims. She has not established diversity; on the contrary, she alleges that all parties reside in Brooklyn. Compl. at 2-3. And even liberally construed, the complaint asserts no federal claim; there is no indication, for example, of state action sufficient to sustain a claim under 42 U.S.C. § 1983. *See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (explaining that "constitutional standards are invoked" only "when it can be said that the "State is *responsible* for the specific conduct of which the plaintiff complains").

## IV. Conclusion

The complaint is dismissed without prejudice for lack of subject-matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in

4

good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Order to the plaintiff, and close this case.


SO ORDERED.


    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:     August 13, 2024
          Brooklyn, New York